UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-62506-CV-SMITH
MAGISTRATE JUDGE REID

JOHN A. FRENCH, JR.,

    Plaintiff,
v.

STEPHEN KOTZEN,

    Defendant.
_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

This cause is before the Court on Defendant Dr. Stephen Kotzen's Motion to Dismiss Plaintiff's Amended Complaint ("Motion"). [ECF No. 27]. This matter has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 2]. Defendant asserts that Plaintiff has failed to exhaust his administrative remedies, that Defendant is entitled to qualified immunity, and that Plaintiff has failed to state a cause of action. [ECF No. 27].

Plaintiff was ordered to file a response to Defendant's Motion by April 5, 2021, and he was cautioned that failure to respond to the Motion could result in dismissal of his Amended Complaint. [ECF No. 28]. Plaintiff then filed a motion for extension of time and was given until May 5, 2021, to respond to Defendant's Motion. [ECF No. 31]. To date, Plaintiff has not filed a response, and the Motion is now ripe for review. Accordingly, upon review of the Motion and the pleadings, the Undersigned **RECOMMENDS** that the Motion to Dismiss [ECF No. 27] be **GRANTED**, because Plaintiff has failed to comply with the Court's Orders and failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).

## I. Background

Plaintiff, a *pro se* prisoner, brought this 42 U.S.C. § 1983 cause of action against Dr. Kotzen for deliberate indifference to his medical needs under the Eighth Amendment of the United States Constitution. [ECF No. 13]. First, Plaintiff claims that he saw Dr. Kotzen on August 18, 2017, after he fell from his top bunk and sustained serious injuries. [*Id*. at 8-9]. He further claims that Dr. Kotzen failed to provide him with medical care because he was not prescribed pain medication and was only given an X-ray. [*Id*.]. Next, Plaintiff alleges that he saw Dr. Kotzen on August 23, 2017, and was sent back to the infirmary with no other pain medication. [*Id*. at 10-11]. According to Plaintiff, on that same day, he saw Dr. Kotzen again and was sent to Broward General Hospital, where a doctor placed his left wrist in a "sugar splint." [*Id*. at 9]. Plaintiff claims that while he was supposed to be placed in a "full-cast" five days after his hospital visit, he instead wore a half-cast for twelve weeks, which resulted in permanent injury to his left wrist. [*Id*. at 11-12]. Finally, Plaintiff claims that on February 16, 2018, after he slipped and fell on a puddle of water, Dr. Kotzen was deliberately indifferent to his medical needs. [*Id*. at 14-15]. On that date, Plaintiff claims that Dr. Kotzen did not give him any pain medication, but he was, however, prescribed Tylenol and Motrin and given an MRI. [*Id*.].

After screening, Plaintiff's Amended Complaint was permitted to proceed against Dr. Kotzen, in his individual capacity, for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment. [ECF No. 23]. Plaintiff's claims against any remaining Defendants were dismissed. [*Id*.]. Dr. Kotzen was served with the Amended Complaint and filed this Motion. [ECF No. 27].

## II. Discussion

A. <u>Failure to Exhaust</u>

    a. *Standard of Review for Administrative Exhaustion: 42 U.S.C. § 1997e(a)*

The Undersigned recommends that Plaintiff's Amended Complaint be dismissed for failure to exhaust administrative remedies. Under the Prison Litigation Reform Act ("PLRA"), an inmate confined in a jail may not bring a § 1983 action until administrative remedies, as are available, are exhausted. *See* 42 U.S.C. § 1997e(a). An inmate who alleges harm suffered from prison conditions must file a grievance and exhaust the remedies available under a state or jail's grievance procedures as a prerequisite to a federal § 1983 action. *See Johnson v. Meadows*, 418 F.3d 1152, 1155–56 (11th Cir. 2005). Further, the PLRA requires "proper exhaustion," which demands compliance with a state's deadlines and other procedural rules. *See Woodford v. Ngo*, 548 U.S. 81, 90–91, 93 (2006); *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The PLRA entirely eliminates judicial discretion and instead mandates strict exhaustion, "irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). Further, the Supreme Court has repeatedly reaffirmed that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter*, 534 U.S. at 524). The issue of exhaustion is properly raised in a Motion to Dismiss. *See Bryant v Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (noting that the exhaustion defense is not ordinarily the proper subject for a summary judgement, instead should be raised in a motion to dismiss). Dr. Kotzen, as the defendant, bears the burden of proving that the plaintiff has failed to exhaust his available administrative remedies. *See Dimanche v. Brown*, 783 F.3d 1204, 1210 (11th Cir. 2015).

*b. Legal Analysis*

In the Motion, Dr. Kotzen argues that Plaintiff has not exhausted the available administrative remedies in accordance with the Broward County Main Jail grievance procedures. [ECF No. 27 at 4-6]. Dr. Kotzen has requested that the Court take judicial notice of the grievance procedures at the Broward County Main Jail, which are found online at www.sheriff.org/DOD/Documents/Inmate_Handbook.pdf.[1] *See* "Inmate Handbook: Inmate Grievances at p. 7 of 25 (rev. 2016); [ECF No. 27 at 5]. According to the "Inmate Handbook," "grievances must be submitted within five business days from the time [an inmate] become[s] aware of the incident/issue." *See* "Inmate Handbook: Inmate Grievances at p. 7. "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Johnson v. Meadows*, 418 F.3d at 1158 (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1024 (7th Cir. 2002). Accordingly, under the PLRA, "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating." *Id.* (quoting *Pozo*, 286 F.3d at 1025).

Dr. Kotzen asserts that Plaintiff did not submit *any* grievances referencing treatment or failure to provide treatment on August 18, 2017, August 23, 2017, or February 16, 2018, and did not submit *any* grievances naming Dr. Kotzen. [ECF No. 27 at 5]. Plaintiff's Amended Complaint corroborates this assertion because Plaintiff filed multiple grievances and exhibits referencing names of other individuals; however, he attached no grievances with respect to Dr. Kotzen, nor

---

[1] The Court takes judicial notice of the of the grievance procedures at the Broward County Main Jail, found online at www.sheriff.org/DOD/Documents/Inmate_Handbook.pdf. *See* Fed. R. Evid. 201(b)(2); *see also Dimanche v. Brown*, 783 F.3d 1204, 1213 n.1 (11th Cir. 2015) (citing *Terrebonne v. Blackburn*, 646 F.2d 997, 100 n.4 (5th Cir. 1981) ("Absent some reason for mistrust, courts have not hesitated to take judicial notice of agency records and reports.").

any grievance within five days of August 18, 2017, August 23, 2017, or February 16, 2018. *See* [ECF No. 13].

In fact, Plaintiff claimed only that Dr. Kotzen and other dismissed Defendants "ignored all of the requests and informal grievances, just to hold down costs considerations so there was a bigger bonus by [dismissed] defendant Armor Correctional." [*Id*. at 11]. The only grievance attached to Plaintiff's Amended Complaint referencing jaw pain and wrist pain was filed on October 17, 2017, and the grievance makes no mention of Dr. Kotzen. Further, the response to that grievance states that Plaintiff was cleared by the Orthopedic Specialist on October 10, 2017, because his "fracture [was] fully healed," and he had "normal facial range of motion." [*Id*. at 33].

Under the two-step process in *Turner v. Burnside*, 541 F.3d 1077 (11th Cir. 2008), the undisputed facts show that Plaintiff did not exhaust his administrative remedies. A defense that a plaintiff failed to exhaust administrative remedies under the PLRA, should be treated as a matter in abatement. *See Dimanche*, 783 F.3d at 1210. As such, a two-step process is used when deciding a motion to dismiss raising failure to exhaust administrative remedies. *See id*.

> [F]irst, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. Second, [i]f the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies.

*Dimanche*, 783 F.3d at 1210.

In this case, Defendant is entitled to have Plaintiff's Amended Complaint dismissed. *See Turner*, 541 F.3d at 1082. It is undisputed that Plaintiff failed to comply with the Broward County Main Jail administrative grievance process. Because Plaintiff has failed to file any grievances with

5

respect to Dr. Kotzen or any grievances within five days of the purported incidents to comply with the Broward County Main Jail grievance procedure, he has failed to properly exhaust his claims. Therefore, his Amended Complaint is subject to dismissal.

A complaint may be dismissed without prejudice after a finding that the Plaintiff has failed to properly exhaust his administration. *See Turner*, 541 F.3d at 1085 (affirming dismissal without prejudice where neither party provided evidence that administrative remedies were absolutely time barred or otherwise clearly infeasible, but not deciding that a failure to exhaust "can never correctly result in a dismissal with prejudice"). As a result, Plaintiff's claims should be denied without prejudice.

    B. <u>Failure to Prosecute</u>

Here, Plaintiff was "cautioned that failure to respond to the Motion may result in a report recommending Plaintiff's case be dismissed for failure to prosecute. [ECF No. 28 at 1]. Plaintiff was given at least sixty days to file a response to the Motion. Plaintiff has instead taken no action whatsoever.

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. *Id.* (citing Fed. R. Civ. P. 41(b)). Courts undoubtedly possess the power to dismiss an action for "failure to prosecute with reasonable diligence or to comply with [the Court's] orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

Therefore, the Undersigned recommends that Plaintiff's Amended Complaint also be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with the Court's Orders. *See Taylor v. Augusta-Richmond Cnty. Consol. Comm'rs*, 618 F. App'x 651, 651 (11th Cir. 2015) (finding dismissal for failure to prosecute appropriate where plaintiff failed to comply with order of the district court to respond to a motion to dismiss his complaint, even after district court *sua sponte* granted plaintiff an extension of time).

### III. Recommendations

Based on the foregoing, the Undersigned **RECOMMENDS** that the Motion to Dismiss [ECF No. 27] be **GRANTED** because Plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a) and has failed to prosecute this case and comply with the Court's Orders. It is further recommended that Plaintiff's Amended Complaint [ECF No. 13] be **DISMISSED** without prejudice and the case **CLOSED**.

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Judge within **FOURTEEN DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**SIGNED** this 11th day of June, 2021.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **John A. French, Jr.**
651935
Columbia Correctional Institution
PO Box 900
Portage, WI 53901
PRO SE

**Louis Reinstein, Esq.**
Kelly Kronenberg
10360 Ft. Lauderale, FL 33324
Email: Lreinstein@kklaw.com
*Counsel for the Defendant*